IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **CARLTON P. MUSICK, JR.,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:03-0441** |
| | ) | **(CRIMINAL NO. 5:02-0177-01)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 19, 2003, Movant, acting *pro se* and then in confinement at F.C.I. Beckley, in Beaver, West Virginia, filed a letter dated May 14, 2003, addressed to the undersigned United States Magistrate Judge complaining that his attorney failed to contest the drug quantities as stated on the Presentence Report at his sentencing hearing on January 22, 2003, and requesting appointment of an attorney to represent him.[1] (Document No. 29.) Plaintiff states as follows in his letter:

> The basis for my claim is as follows: The Presentence Report listed drug quantities based on *estimates*, not actual lab reports listing exact amounts. The Presentence Report therefore listed my Base Offense Level as 22 and my Total Offense Level (after adjusting for Acceptance of Responsibility) to 19. However, I believe that if the actual lab reports listing exact amounts of drugs had been used in the Presentence Report, my Base Offense Level would have been 20 and my Total Offense Level would have been 17. My lawyer, William D. Turner, failed to raise this issue and as a result, my Guideline Range was listed in the Presentence Report as being 37 - 46

---

[1] On October 15, 2002, Movant pled guilty to charges contained in an Information that he violated 21 U.S.C. § 841(a)(1) The Court sentenced Movant on January 22, 2003, to a 37 month term of imprisonment and a three year term of supervised release. The Court further required Movant to pay a $100 special assessment. Movant did not appeal his sentence. The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on July 8, 2005. It is evident from the record in Criminal Action No. 5:02-0177 that Movant is serving his term of supervised release in this District. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)

> months. Judge Faber accepted Mr. Turner's request that I be sentenced at the low end of the Guideline Range, 37 months.
>
> However, if the actual lab report drug quantities had been used, my Guideline Range (at Offense Level 17, Criminal History Category III) would (and should) have been 30 - 37 months. If Judge Faber had sentenced me at the low end of the correct Guideline Range, my sentence would have been 30 months, which is shorter than the sentence I received. (Emphases in letter)

Thus, apparently having studied lab reports which the United States provided in discovery and having found an error in calculation of the quantity of drugs attributable to him, Movant initiated these proceedings by sending a letter to the undersigned about four months after he was sentenced. Plaintiff's letter was docketed by the United States District Court Clerk's Office as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[2] Movant's Motion was referred to this United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 31.) The undersigned required that the United States file an Answer to the Movant's Motion and permitted Movant to file a Reply or Objections to the United States' Answer. (Document No. 32.)

On June 19, 2003, the United States filed its Response to Movant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 indicating that it does not "oppose an award of collateral relief to movant that will allow the District Court to reconsider movant's offense level under the United States Sentencing Guidelines." (Document No. 34, p. 1.) The United States states as follows:

> At some time following defendant's sentencing, Assistant United States Attorney Stephanie Haines, who had served as government counsel in defendant's

---

[2] Because Movant is acting *pro se*, the document which he has filed in this case is held to a less stringent standard than if it was prepared by a lawyer, and therefore it is construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>prosecution, discovered in connection with another case, that laboratory results detailing a specific amount of drugs in defendant's offense had been provided in discovery but apparently had been overlooked by both the United States and defendant's counsel. In those laboratory reports, it was determined that the amount of drugs involved in defendant's offense was actually less than that calculated by estimate in the United States Probation Officer's Presentence Report. Based upon the precise amounts derived from the laboratory reports, defendant's offense level would have been 20 rather than the 22 as calculated in the Presentence Report. After adjusting for acceptance of responsibility and reaching an adjusted offense level of 17, defendant's range of imprisonment would have been 30 - 37 months.
>
>At the time that AUSA Haines discovered the overlooked laboratory reports, the time for filing a direct appeal of defendant's sentence had passed. AUSA Haines, however, informed defendant's attorney, William D. Turner III, Esquire, and suggested that the information be provided to defendant for purpose of filing a Motion tot Vacate Sentence. Defendant has now filed such motion raising the claim that the calculation of his sentence was incorrectly done and that his lawyer had provided ineffective assistance by failing to raise the issue. The United States respectfully submits that in the interests of justice, it would be appropriate to grant defendant's Motion and allow the District Court to reconsider his sentence in light of appropriate information.

(Document No. 34, pp. 2 - 4.) The United States states further that "it is evident that the sentence imposed by the District Court would still be within the range permissible even if the Court had relied upon the laboratory reports of precise drug amounts. Nevertheless, this information was not before the Court and could have benefitted defendant had it been presented. Accordingly, the United States submits that the best course would be to grant defendant's Motion to Vacate Sentence and allow the District Court to reconsider his sentence in light of the full range of accurate information." (Id., p. 4.)

Notwithstanding the United States' concession, the undersigned finds by applicable procedural and legal standards that Movant is not entitled to relief under § 2255. Relief is available under 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws or the United States, or that the court was without jurisdiction to impose such

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .." Error in calculation of a sentence under the United States Sentencing Guidelines by itself is not cognizable under § 2255. *See* United States v. Pregent, 190 F.3d 279, 283 - 284 (4th Cir. 1999)[3]; United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). Rather, review of sentencing error is available in the first place on direct appeal. *See* 18 U.S.C. § 3742(a)(allowing for direct appeal from sentence imposed in violation of law or based on incorrect application of Sentencing Guidelines). Under United States v. Frady, 456 U.S. 152, 164 - 68, 102 S.Ct. 1584, 1592 - 95, 71 L.Ed.2d 816 (1982), a procedurally defaulted *habeas* claim may not be considered on the merits unless the movant can show cause for the default and prejudice from the alleged error. It appears that an exception exists to the requirement that a movant meet the cause and prejudice standard "if the failure to hear the claims would constitute a 'miscarriage of justice.'" Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir.

---

[3] Mr. Pregent filed a motion pursuant to 18 U.S.C. § 3583(e) requesting a reduction of his term of supervised release claiming that the sentencing Court had misapplied the Sentencing Guidelines and he remained in custody up to 32 months too long. The United States conceded error in the calculation of Mr. Pregent's sentence. The District Court denied his request finding that the interest of justice was served by the completion of the term of his supervised release in view of his extensive criminal history. Mr. Pregent appealed. The Fourth Circuit concluded that the District Court did not abuse its discretion in denying relief under § 3583(e) and stated that even if his motion was construed under 28 U.S.C. § 2255, it would fail. The Fourth Circuit stated that "[b]arring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." *United States v. Pregent*, 190 F.3d at 283 - 284.

1989). With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, § 2255 is no substitute, and the failure precludes § 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal.") The Court stated as follows in United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993):

> If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated. Moreover, the Federal Rules of Criminal Procedure now plainly set out the procedure that must be used for challenges to presentencing reports and sentencing procedures.

*See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996), quoting the above passage from Essig and adopting the cause and prejudice standard for § 2255 attacks on sentences following guilty pleas. The standard is conjunctive. The movant must show good cause for and prejudice from his failure to raise the issues which he now advances under § 2255 on direct appeal. *See* Theodorou*, supra*, 887 F.2d at 1340. To show cause for a procedural default, i.e., failing to appeal error in sentencing, the movant must demonstrate that some "objective factor external to the defense impeded [defense] counsel's efforts to comply with . . . the procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). To show prejudice, the movant must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167 - 68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).

Movant did not appeal his sentence, and consequently as a result of his procedural default, his ability to raise issues now under § 2255 is limited. Movant must demonstrate good cause for <u>and</u> prejudice from his failure to raise the issues which he now advances under § 2255 on direct appeal. It appears from Movant's letter and the United States' response that the laboratory results which contained information respecting drug amounts attributable to Movant were provided to Movant and his counsel in discovery and prior to sentencing. Thus, the error was discoverable before sentencing. No external factor impeded Movant's counsel's ability to raise the issue of the amount of drugs attributable to Movant and question the Guidelines computation as set forth in the Presentence Report by objection at or before sentencing or on appeal. Accordingly, Movant cannot demonstrate good cause for not raising the issue on appeal as required to be eligible for relief under § 2255. Movant further cannot demonstrate prejudice. As the United States points out, Movant's sentence of 37 months in prison was at the top end of the Offense Level which would have applied if the correct amount of drugs attributable to Movant were used in calculating his sentence.[4] The result of the proceeding would therefore not necessarily have been different but for the alleged error. At most, therefore, had Movant appealed, it is likely that the Fourth Circuit would have found that any error in the calculation of his sentence was harmless.

To the extent that Movant raises ineffective assistance of counsel as an issue, the undersigned finds that, even if he presents a cognizable claim, Movant cannot meet the standard for proving that his counsel provided ineffective assistance. The burden is on Movant to prove that his trial attorney failed to render effective assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104

---

[4] The undersigned notes that Movant sentence to three years of supervised release was the least which the District Court could impose under U.S.S.G. § 5D1.2(a)(1).

S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Movant must show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 65. It appears that counsel for Movant and the United States neglected to consider the laboratory reports as they were verifying the Guideline calculations contained in the Presentence Report. Assuming that Movant's counsel's performance was constitutionally inadequate, Movant cannot prove the second prong of the Strickland standard, i.e., that he was prejudiced by it. Again, Movant's sentence of 37 months was within the range of the Offense Level which would have applied if drug quantities had been used from the laboratory reports. Movant's counsel's error cannot, therefore, be said to have prejudiced him such that it rendered the proceedings fundamentally unfair.

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's letter Motion under § 2255 to Vacate, Set Aside or Correct his Sentence (Document No. 29.) and remove this matter from the Court's docket.

Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written

objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to counsel of record and to Movant who is acting *pro se* in these proceedings both at his current mailing address and at his current street addresses (two mailings) which are:

> Mr. Carlton Musick, Jr.    Mr. Carlton Musick, Jr.
> P.O. Box 186                145 Titan Loop
> Eccles, West Virginia 25836    Eccles, West Virginia 25836.

DATE: March 10, 2006.

R. Clarke VanDervort
United States Magistrate Judge

8